UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10011-NMG |
| | ) | |
| KIM N. DALEY, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

On May 5, 2016, the defendant Kim N. Daley ("Daley") pled guilty to a three-count Indictment charging him with bank robbery in violation of 18 U.S.C. §2113(a).

The Pre-Sentence Report ("PSR"), prepared by the United States Probation Office, dated and revised August 5, 2016, concluded that Daley's total offense level was 24 [PSR ¶ 52], and that his criminal history category was VI [PSR ¶ 83]. Based on these calculations US Probation has determined that Daley's advisory guideline range is 100-125 months' imprisonment [PSR ¶ 138]. For the reasons states herein, the government believes that a sentence of 100 months' imprisonment, the low end of the guideline range, is an appropriate disposition in this matter. The government also requests that upon completion of the sentence imposed that Daley be placed on supervised release for a period of three years, be ordered to pay restitution in the amount of $8339.00 to the banks listed in the Indictment, and be ordered to pay a special assessment of $300.

A sentence of 100 months' imprisonment is merited in this case as it fairly takes into account the facts in this case and Daley's extensive criminal history.

## I.   **FACTS**

The facts contained within the PSR are largely uncontested. On June 1, 2015, an individual, later determined to be Daley, robbed a branch of the East Cambridge Savings Bank in Cambridge, Massachusetts.  Daley entered the bank, and according to a teller, presented a note demanding money.  The teller recalls that the note alleged that Daley had a gun and that if the teller did not comply with Daley's demands everyone would die. The teller handed Daley $2601.00 in US currency and Daley fled the bank in an unknown direction.

On August 2, 2015, an individual, later determined to be Daley, entered a branch of the Rockland Trust in Allston, Massachusetts.  Daley approached a teller and handed the teller a note.  The teller recalls the note said words to the effect that this was a robbery and that the teller should give him money from her drawer.  The teller handed Daley $1605.00 in US currency and Daley fled the bank in an unknown direction.

On August 14, 2015, an individual, later determined to be Daley, entered a branch of the Naveo Credit Union in Cambridge Massachusetts.  Daley approached a teller and handed the teller a note.  The teller recalls the note said words to the effect to

give him all the money in the drawer, no dye packs, no funny business, and that he had a gun.  The teller handed Daley $4133.00 in US currency and Daley fled the bank in an unknown direction.

On August 21, 2015, Daley was arrested in New York City. Daley was later returned to this jurisdiction and on September 4, 2015, Daley was interviewed by officers of the Cambridge Police Department and Special Agents of the FBI.  During a recorded interview, Daley admitted that he robbed the aforementioned institutions and signed video surveillance photographs from each institution.  Daley denied that any of the notes he presented during the robberies alleged that he had a gun or that he threatened anyone.

## GUIDELINE ANALYSIS

### A. Offense Level Computation

The government agrees with Probation's determination that Daley's convictions for bank robbery is a violation of 18 U.S.C. § 2113(a) and is controlled under the United States Sentencing Guidelines ("USSG") by § 2B3.1(a)[PSR ¶¶ 25,32 and 38].

Further, the government agrees with Probation's determination that the base offense level of each count is increased by two levels because Daley stole the property of a financial institution [PSR ¶¶ 26, 33 and 39].  Because Daley threated that he had a gun and made a threat of death in Counts

3

One and Three of the Indictment the base offense level is increased two additional levels [PSR ¶¶ 27 and 40]. Finally, since three institutions were robbed, the USSG Multiple Count Adjustment applies and three additional levels are added [PSR ¶ 47]. This results in a combined Adjusted Offense Level of 27. With Daley's prompt acceptance of responsibility a three level decrease is applied, resulting an a Total Offense Level of 24 [PSR ¶ 52].

### B. Criminal History

The government agrees with Probation's determination that Daley, with a criminal history score of 19, is in criminal history category VI [PSR ¶ 83].

With a total offense level of 24, and a criminal history category of VI, Daley's guideline imprisonment range is 100-125 months' imprisonment.

## II. ARGUMENT

18 U.S.C. § 3553(a) requires a sentencing court to consider specific enumerated factors when determining an appropriate sentence. These factors include: 1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and 2) the need for a sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public

4

from further crimes of the defendant, and to provide for the needs of the defendant.

Daley, age 45, is an individual with a troubled criminal past as evidenced by his lengthy criminal record.  Daley's criminal record spans more than 33 years and includes 24 adult convictions.  These convictions include assault and battery, multiple B/E charges, assault, drug possession, and armed robbery.  Daley has been sentenced to prison on over 20 occasions.  These sentences, as outlined in the PSR, range from days and months to extended sentences in the Massachusetts State Prisons.

Most alarmingly is the fact that Daley, when he committed the instant offenses, had been released merely weeks after having completed a parole violation on a 2013 B/E conviction

Additionally, Daley's record notes numerous violations of probation. This trail of violence and convictions shows that Daley possesses little to no respect for law or law enforcement or societal norms. A sentence within the guidelines is therefore warranted.

Daley's repeated criminal behavior should not be tolerated. Therefore, a sentence of 100 months' imprisonment is warranted.

### III. CONCLUSION

The government believes that a sentence of 100 months' imprisonment, the low end of the guideline range, three years supervised release, restitution, and a mandatory special assessment of $100 is the appropriate sentence in this matter.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: */s/ Kenneth G. Shine*
KENNETH G. SHINE
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kenneth G. Shine*
KENNETH G. SHINE
Assistant U.S. Attorney