**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | **Criminal Action No.** |
| **Kim Daley,** ) | **16-10011-NMG** |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Kim
Daley ("Daley" or "defendant") for compassionate release
pursuant to 18 U.S.C. § 3582(c)(1)(A).  In light of the COVID-19
pandemic, Daley seeks to have this Court reduce his 100-month
sentence to time served or replace the remainder of his time
with home confinement.  He is currently incarcerated at the
Medium Federal Correctional Institution in Beaumont, Texas
("Beaumont") having been convicted of and sentenced for three
bank robberies.  His projected date of release is September 26,
2022.

- 1 -

## I.   Background

In the Summer, 2015, within weeks of being released from prison for a parole violation, Daley robbed three separate banks in the Greater Boston metropolitan area.  He was arrested soon thereafter and, in May, 2016, pled guilty to a three-count federal indictment charging him with bank robbery in violation of 18 U.S.C. § 2113.  In August, 2016, this Court sentenced Mr. Daley to 100 months in prison, of which he has served approximately 63 months.

At the time Daley was sentenced, his criminal record spanned more than 33 years and included 24 adult convictions. Those convictions consist of, inter alia, multiple breaking and entering charges, assault and battery, drug possession and armed robbery.  The sentences he received for those convictions ranged from days and months to extended sentences in the Massachusetts State Prisons.  On several occasions after serving those sentences, Daley violated the conditions of probation.

Daley now moves to modify his current sentence to time served or to replace the remainder of his time with home confinement.  He contends that he suffers from a medical condition that makes him especially vulnerable to contracting a severe case of COVID-19, namely asthma which has been well-

documented.  He also submits that the balance of the factors

laid out in 18 U.S.C. § 3553(a) weigh in favor of his release.

The government disagrees and urges this Court to deny

defendant's motion.

## II.   Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment

pursuant to 18 U.S.C. § 3582(c) only if, after considering the

factors set forth in § 3553(a), the Court finds that there are

"extraordinary and compelling reasons" warranting such a

reduction. § 3582(c)(1)(A)(i).  Any modification must be made

pursuant to either a motion of the Director of the Bureau of

Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a
> failure of the Bureau of Prisons to bring a motion on the
> defendant's behalf or the lapse of 30 days from the receipt
> of such a request by the warden of the defendant's
> facility, whichever is earlier.

§ 3582(c)(1)(A).  Even if all other requirements are satisfied,

a court should grant a motion for release only if it determines

that the defendant is no longer a danger to the public. Id.

### B. Application

Although defendant suffers from asthma which may put him at

a higher risk for complications due to COVID-19, he is not

- 3 -

entitled to a modification of his sentence pursuant to

§ 3582(c)(1)(A) because the dangers he would pose to the public

if released outweigh other considerations.  See United States v.

Jermaine Whinleton, No. 13-cr-00064, 2020 WL 7265844, at *3 (D.

Me. 2020) (denying an asthmatic defendant's motion for

compassionate release because, due, in part, to his extensive

criminal history, he poses a danger to the public); Delacruz v.

United States, 471 F. Supp. 3d 451, 455-57 (D.N.H. 2020) (same).

Daley is currently serving a sentence for bank robbery which,

in-and-of-itself, is a very serious offense and also constitutes

his 24th adult conviction.  Given his extensive criminal

history, the Court finds that, if released, there is a

disturbing likelihood that Daley will recidivate and, therefore,

endanger the community.

     In the supplemental memorandum filed in support of

defendant's motion for compassionate release, Daley's appointed

counsel emphasizes his effort at rehabilitation, namely taking

and completing various educational and vocational courses in

prison.  Although such effort is commendable, it does not

assuage the concern of this Court as to the risk Daley poses to

the public. See Whindleton, 2020 WL 7265844, at *3 (commending

the defendant's efforts towards rehabilitation but, nonetheless,

concluding that the risk he poses to the community outweighs them).  Indeed, defendant had enrolled in similar programs while serving prior state sentences only to commit the subject bank robberies within weeks of being released from prison.

While the Court remains cognizant of the risks associated with COVID-19, the totality of the circumstances, including the severity of Daley's offense, his lengthy criminal history, the need for just punishment and respect for the law and the need to protect the public, weighs heavily against defendant's release. See § 3553(a)(1)-(2).  Accordingly, this Court will deny defendant's motion for compassionate release.

### ORDER

For the foregoing reasons, defendant's motion for compassionate release (Docket No. 55) is **DENIED**.

**So ordered.**

> \s\ Nathaniel M. Gorton
> Nathaniel M. Gorton
> United States District Judge

December 21, 2020

- 5 -